

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00122-CR

Ignacio **SALAS,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 17-12-00129-CRK
Honorable Russell Wilson, Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: June 9, 2021

AFFIRMED; MOTION TO WITHDRAW GRANTED

Ignacio Salas was convicted by a jury of three counts of aggravated sexual assault of a child younger than 14 years of age, a first-degree felony. *See* TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B), (a)(2)(B), (e). At punishment, Salas pled true to an enhancement for a prior felony conviction which raised the minimum sentence of imprisonment to fifteen years on each count. *See* TEX. PENAL CODE ANN. § 12.42 (c)(1). The trial court sentenced Salas to forty years' imprisonment on each count, with the sentences running consecutively. Salas appealed.

Salas' court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id*.; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Salas with a copy of the brief and motion to withdraw and informed him of the right to receive a copy of the appellate record and to file his own *pro se* brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Salas did not file a *pro se* brief. After reviewing the appellate record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Accordingly, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is granted.[1] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177.

Liza A. Rodriguez, Justice

DO NOT PUBLISH

---

[1] No substitute counsel will be appointed. Should Salas wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.